## John Henry Speck et al., Plffs. in Err., *v*. Joseph Hettinger.

Assignees of a policy of insurance, who receive the money thereon jointly, and give a joint receipt, must account for it jointly. The fact that they hold separate interests, acquired at different times and from different persons, makes no difference.

(Decided May 17, 1886.)

Error to the Common Pleas of Lebanon County, to review a judgment for plaintiff in an action of assumpsit.    Affirmed.

A policy of insurance was issued upon the life of Catharine Hettinger in favor of her husband, Joseph Hettinger.

The title to this policy, by assignment from Hettinger, became vested one half in Daniel R. Speck and one half in John H. Speck, neither of whom had an insurable interest in the life of the insured.

After the death of Mrs. Hettinger, the defendants, John H. Speck and Daniel R. Speck, received the money from the insurance company, giving therefor a joint receipt.

This action was brought by Hettinger against the defendants jointly, to recover the money received by them on the policy, as money had and received to plaintiff's use.

The defense set up was that defendants' interest in the policy was separate and distinct, and that a joint action could not be sustained, and defendants made the following offers of evidence:

Second offer of defendants.    We propose to prove by the witness that he held a certain interest in the policy under the assignment, and his brother another interest; that they held such interest separately and not jointly; that the interests they held were acquired at different times and from different persons (this

NOTE.—To sustain a joint action for accounting, it must appear that the liability is joint. It is not enough that each defendant was individually responsible. Whelen v. Watmough, 15 Serg. & R. 153; Portsmouth v. Donaldson, 32 Pa. 202, 72 Am. Dec. 782; Peters v. Horbach, 4 Pa. 134. But if both are liable, then a non-joinder is fatal. Ueberroth v. Unangst, 182 Pa. 59, 37 Atl. 935.

for the purpose of showing their interest to have been separate and not joint).

To which the court answered: The evidence under this offer is not relevant. The plaintiff's right of action, as we understand it, depends upon the reception of the money, and not upon the way in which the defendants acquired title, under the assignment, to this policy.

Third offer of defendants. We now offer to prove by the witness, as evidence under the statement of the offer already made, that when the money was paid, he informed the officer that he had his own interest in it, and that his brother had his own interest in it, and that he wished the check to himself to be a check for his interest, and a check given to his brother to be a check for his brother's interest; that the officer paying the money, on the ground of convenience to himself, persuaded them to take a joint check, not with a view of making a joint payment, but for his. own convenience; and that it was stated to be for that purpose.

To which the court answered: We do not see how that changes the fact that they did receive the money jointly; and, as I understand it, the plaintiff's right of action depends upon the fact that they did so receive this money. We therefore overrule this offer.

The court directed a verdict for plaintiff, and defendants took this writ, assigning for error the answers of the court as above.

*Josiah Funck & Son, Grant Weidman,* and *John Benson,* for plaintiffs in error.—In a joint action there can be no recovery unless a joint liability is shown. Schoneman v. Fegley, 7 Pa. 438; Fawcett v. Fell, 77 Pa. 308.

An implied promise, being altogether ideal and raised out of the consideration only by intendment of law, follows the nature of the consideration; and as that is joint or several, so will the promise be. Boggs v. Curtis, 10 Serg. & R. 213. See also Meason v. Kaine, 67 Pa. 135; Irwin v. Brown, 35 Pa. 331; Lee v. Gibbons, 14 Serg. & R. 111; Schnader v. Schnader, 26 Pa. 384; 2 Chitty, Contr. 11th Am. ed. p. 1349.

The mere fact that the defendants each had an interest in the same policy, under the assignments, did not constitute them part-

ners.   Adams v. Carroll, 5 W. N. C. 2; Hopkins v. Forsyth, 14 Pa. 38, 52 Am. Dec. 513.

As is said in Steckel v. Desh, 2 Pennyp. 313:   "If the act of a party, or a portion of his words, be proved against him, he may show in rebuttal the words accompanying and relating to said act, or the other words uttered in connection with those already proved, when necessary to arrive at a correct understanding of the transaction."

In this case the court admitted the act of the parties, to wit,. the giving of the receipt and the acceptance of the check; but excluded their declarations and the agreement under and in pursuance of which the receipt was given and the check in that form accepted.

That these declarations should have been admitted as part of the res gestœ is shown by the following authorities:   Devling v. Little, 26 Pa. 503; Potts v. Everhart, 26 Pa. 493; Woodwell v. Brown, 44 Pa. 121; York County Bank v. Carter, 38 Pa. 446,. 80 Am. Dec. 494; Cattison v. Cattison, 22 Pa. 277.

*Bassler Boyer,* for defendant in error.—Whether two or more defendants can be jointly sued upon implied promise, depends largely upon the nature of the consideration.   If that is joint,. ordinarily a suit against both or all is proper.   Boggs v. Curtis, 10 Serg. & R. 211; Lee v. Gibbons, 14 Serg. & R. 111; App v. Coryell, 3 Penr. & W. 494.

There is no actual contract on which to base such a suit; and in constructing one there must be a duty out of which and according to which the construction may proceed.   To enforce a joint or several duty, a joint or several contract is imputed.   Irwin v. Brown, 35 Pa. 332.

The consideration in the case before us was the illegal receipt by the defendants of the money arising from the insurance on Mrs. Hettinger's life; and the duty to be enforced was the duty of payment to the plaintiff, to whom it was legally due.   The act, therefore, out of which the defendants' liability sprung was the receipt of the money; and the evidence admitted showed plainly that they received it jointly.   The rejected testimony related to a conversation between the defendants and the treasurer of the

insurance company at the time the money was paid; and its purpose was to show that the defendants had separate interests in the policy and demanded separate payments, but finally yielded to the convenience or wish of the treasurer, and agreed to the payment in its present form, and was properly rejected.

PER CURIAM:

The assignment of the policy of insurance was made to the defendants jointly. Jointly they received the money thereon, and they executed a joint receipt therefor. It matters not that, as between themselves, they held separate interests acquired at different times and from different persons. The right of recovery against them does not depend upon the way or manner in which they obtained the assignment of the policy, but upon their subsequent receipt of the money.

What they stated or desired at the time they received the money does not change their legal liability consequent upon their joint receipt thereof.

Judgment affirmed.

