## JOHNSON v. LEFFINGWELL *et al.*

1. **Appeal**: EVIDENCE TO SUPPORT VERDICT. A verdict will not be disturbed by this court for want of evidence to support it, where the evidence is conflicting.

2. **Mistake**: OVERPAYMENT TO HUSBAND AND WIFE: WHO LIABLE. On a sale of land by a husband and wife, there was an overpayment, by mistake, of the purchase money. If they were not joint owners of the land, it does not appear which of them owned it. The written contract of sale, and the deed which was made in consummation of it, were drawn as if both were equally, and in the same capacity and degree. owners, and the money was paid when both were present, and passed into the custody of the wife, who the next day deposited a part of it in bank and loaned a part. *Held* that these facts justified a verdict and judgment against the wife for the amount of the overpayment.

*Appeal from Audubon District Court.*—HON. A. B
THORNELL, Judge.

FILED, MARCH 9, 1888.

PLAINTIFF seeks to recover of defendants one
hundred dollars alleged to have been paid to them by
mistake, and twenty-five dollars damages for an alleged
breach of contract to furnish certain patents to lands.
Defendants deny liability, and A. J. Leffingwell asks
judgment on counter-claims for $56.41.   Verdict and
judgment for plaintiff and against defendant Fannie M.
Leffingwell for one hundred dollars, and in favor of
defendant A. J. Leffingwell and against plaintiff for
$27.50. Fannie M. Leffingwell appeals.

*H. F. Andrews*, for appellant.

*J. L. Stotzell* and *Griggs & Brainard*, for appellee.

ROBINSON, J.—I.   October 28, 1886, the defendants
entered into a written agreement with one Poyer for the
sale of certain land therein described, and at the same
time received one hundred dollars as part payment for
the land.   A few weeks later the remainder of the pur-
chase price was paid, and at the request of Poyer a
deed for the land was executed and delivered to plain-
tiff.   Some question is raised as to whether Poyer or
plaintiff was the real principal in the transactions with
defendants, but, as it is not material to the determina-
tion of the case, it will not be considered.

It is claimed by the plaintiff that by mistake the
entire cash consideration of the purchase, amounting to
$3,628.86, was paid when the deed was
delivered, and that the one hundred dollars
paid when the contract was made was not
deducted, and that he is now the owner of the claim for
this amount.   Defendants deny these claims, and insist
that only $3,528.86 was paid at the delivery of the
deed.   The evidence in regard to the amount actually

1. APPEAL: evi-
dence to sup-
port verdict.

paid is conflicting, and we cannot say that the verdict of the jury as to this is not sustained by the evidence.

II. Appellant insists that, although the overpayment be established, yet the evidence fails to show that appellant is liable for it. But in our opinion there is evidence sufficient to show that appellant is liable for the amount of money actually paid at the time in controversy. It is not shown who was the owner of the land sold by defendants. Both join in all the covenants of the contract of sale and of the deed. The contract required the payment of money portions of the considerations "to said parties of the first part, A. J. Leffingwell and Fannie M. Leffingwell." The deed recites that "A. J. Leffingwell and Fannie M. Leffingwell, * * * in consideration of the sum of five thousand eight hundred and thirty-three dollars in hand paid," do sell the land described, and contains the usual covenants of title and warranty; and both grantors relinquish their "right of dower." The money was paid at the home of defendants, and appellant was there and present during at least a part of the time when the business was being done. After the money was paid it was by directions of appellant placed in a bureau drawer to which she alone carried a key. That evening the defendants together took and counted the money. The evidence seems to show that the day after the money was received she deposited a part of it in bank and loaned a part. Certainly these facts justified the jury in finding that appellant was liable for the money paid when the deed was delivered. It may be that the jury should have found that A. J. Leffingwell was also liable; but as that question is not properly before us, we do not decide it.

*2. MISTAKE: overpayment to husband and wife; who liable.*

AFFIRMED.